ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 31 2013
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| BRADFORD BECK and SALLY BECK, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | No. 3:12-cv-4784-M-BF |
| § | |
| THE BANK OF NEW YORK MELLON, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Plaintiffs Bradford Beck and Sally Beck have filed a Motion to Remand the case to state court. Defendants The Bank of New York Mellon, Bank of America, N.A., and ReconTrust Company, N.A. have filed a joint Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the District Court should deny Plaintiffs' motion, convert Defendants' motion to a motion for summary judgment, and dismiss with prejudice all of Plaintiff's claims and causes of action.

### Background

This case arises out of foreclosure proceedings initiated against Plaintiffs' home in Dallas, Texas (the "Property"). In their most recent pleading,[1] Plaintiffs allege that they purchased the Property on January 10, 2003 using funds loaned to them by Legacy Bank of Texas ("Legacy"). Plf. First Am. Pet. at 3, ¶ 8. On the same day, Plaintiffs executed a promissory note (the "Note")

---

[1] Plaintiffs' operative pleading is their First Amended Petition and Application for Temporary Restraining Order filed in Texas state court.

payable to Legacy in the amount of $1,000,000 and a deed of trust ("Deed of Trust") in favor of Legacy to secure payment of the Note. *Id.* Defendant Alan Williams ("Williams") subsequently executed an assignment transferring the Note from Legacy to Countrywide Home Loans, Inc. ("Countrywide"). *Id.* at 4, ¶ 10. The servicing rights for Plaintiffs' loan also were transferred to Countrywide and then to various other entities over the course of several years until Defendant Bank of America, N.A. ("BOA") became the servicer. *Id.* at 3, ¶ 9. Plaintiffs contend that, because of the multiple assignments, they had "serious concerns" that their loan payments would be misdirected or misapplied. *Id.* Plaintiffs sent a Qualified Written Request ("QWR") under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), to BOA seeking documents that would establish the chain of title for the Note and Deed of Trust. *Id.* at 4, ¶ 11. BOA declined to provide any documents to establish a chain of title but did send Plaintiffs a copy of the original Note. *Id.* at 4-5, ¶ 12.

Through their own investigation, Plaintiffs discovered that their mortgage loan was securitized in 2003, and the Note was transferred to Defendant The Bank of New York Mellon ("BNYM"), as Trustee, and pooled with other mortgage notes in various classes in the CWMBS, INC., CHL MORTGAGE PASSTHROUGH TRUST 2003-1 MORTGAGE PASS-THROUGH CERTIFICATES 2003-1 (the "Trust"). *Id.* at 5, ¶¶ 13-14. Plaintiffs contend that, as a result of the securitization, the Note and Deed of Trust were "split," rendering the Deed of Trust null and void and unenforceable against the Property. *Id.* at 6, ¶ 17. Plaintiffs also contend that the transfer of the Note to the Trust is void because it was not in compliance with New York trust law. *Id.* at 6-7, ¶ 18.

On or about October 5, 2012, Defendant ReconTrust Company, N.A. ("ReconTrust"), acting as BOA's agent, notified Plaintiffs in writing that they were in default under the Deed of Trust and

the Property would be sold at foreclosure on November 6, 2012. *See id.* at 7, ¶ 20 & Exh. C. Plaintiffs sent another QWR to ReconTrust seeking documents that would establish Defendants' authority to foreclose. *Id.* Plaintiffs received a copy of the Note bearing a new indorsement that did not appear on the copy of the Note that was provided in response to Plaintiffs' earlier QWR. *Id.* Plaintiffs contend that the two versions of the Note are indicative of fraud and fail to establish that Defendants have standing to foreclose on the Property. *Id.* at 7-9, ¶¶ 20, 22-23.

To stop the foreclosure, Plaintiffs filed this civil action in the 162nd Judicial District Court of Dallas County, Texas on November 5, 2012. By their lawsuit, Plaintiffs assert causes of action for breach of contract and anticipatory breach of contract, fraud, and violations of various Texas statutes. Plaintiffs also seek to quiet title to the Property in their favor and a declaratory judgment that Defendants lack standing to foreclose. Defendants removed the case to federal court on the basis of diversity jurisdiction. Def. Rem. Not. at 7, ¶ 2. Plaintiffs have filed a motion to remand the case to state court on grounds that Williams is a citizen of Texas and, thus, complete diversity does not exist. Defendants have filed a motion to dismiss on grounds that Plaintiffs lack standing to challenge the assignment of their mortgage loan and that Plaintiffs' petition fails to set forth sufficient facts to state a claim for relief. As part of their response to Defendants' motion, Plaintiffs seek a continuance under Rule 56(d) of the Federal Rules of Civil Procedure. The issues have been fully briefed by the parties, and both motions are ripe for determination.

### Plaintiffs' Motion to Remand

Defendants contend that removal is proper on diversity grounds because BOA is a citizen of North Carolina, BNYM is a citizen of New York, ReconTrust is a citizen of California, Plaintiffs are citizens of Texas, and the fair market value of the Property at the time of removal was

$1,240,000. Def. Rem. Not. at 3-5, ¶¶ 8-10 & 14. Defendants acknowledge that Williams is a citizen of Texas, but argue that his citizenship should be disregarded for purposes of diversity jurisdiction because he was sued solely in his capacity as an employee of Legacy and is merely a nominal party. *Id.* at 4, ¶ 11. Plaintiffs object to Defendants' characterization of Williams as a nominal party and argue that he was "integrally involved" in the transfer of the Note to Countrywide, which is central to their claims in this case. Plf. Mot. Remand at 1-2. Plaintiffs further contend that they recently learned that the original Note may have been destroyed in 2009 and that Williams "could be a key witness in that regard." *Id.* at 2. Plaintiffs insist there is no basis for removal because complete diversity is lacking.

A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). A defendant alleging improper joinder has the heavy burden of demonstrating either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the

4

non-diverse defendant in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). Under the second alternative, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. A plaintiff's joinder of nominal, formal, or unnecessary parties cannot defeat diversity jurisdiction and prevent removal. *Pesch v. First City Bank of Dallas*, 637 F.Supp. 1530, 1536 (N.D. Tex. 1986).

Plaintiffs have not asserted any claim or cause of action against Williams. Nor have they alleged any facts which could establish that Williams has any right, title, or interest in the Property or that he could be liable to Plaintiffs for any breach of the Note or Deed of Trust, fraud, or violation of any Texas statute in connection with the foreclosure proceedings initiated against the Property. The only factual allegation in Plaintiffs' live pleading that pertains to Williams is that he lacked authority to transfer the Note to Countrywide. Plf. First Am. Pet. at 4, ¶ 10. Thus, it appears that Plaintiffs named Williams as a nominal defendant solely in his capacity as an employee of Legacy. That Williams was "involved" in the initial transfer of the Note or could be a "key witness" to facts surrounding the possible destruction of the Note do not come close to demonstrating that there is any reasonable basis to predict that Plaintiffs might be able to recover against Williams. Under these circumstances, Williams is an improperly joined defendant whose citizenship should be disregarded for diversity purposes. Williams should be dismissed from this lawsuit, *see Lacy v. Dominguez*, No. 3:12-CV-1982-O-BN, 2012 WL 7070083, at *2 (N.D. Tex. Dec. 31, 2012), *rec. adopted*, 2013 WL

541090 (N.D. Tex. Feb. 13, 2013) (non-diverse party found to be improperly joined should be dismissed from lawsuit), and Plaintiffs' motion to remand should be denied.

### Conversion to Summary Judgment and Plaintiffs' Motion for Continuance

Plaintiffs contend that it is premature for a summary judgment motion and seek a continuance under Rule 56(d) to allow time to conduct discovery. Plf. MSJ Resp. at 2, 24. Federal Rule of Civil Procedure 12(d) provides that if, on a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment[.]" FED. R. CIV. P. 12(d). Here, Defendants submitted the Note, Deed of Trust, and two assignments in support of their motion to dismiss. *See* Def. App. at 1-25. Although the Court could consider this evidence without converting the motion to dismiss to a motion for summary judgment, *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (court may consider materials outside the pleadings on motion to dismiss when those materials are central to plaintiff's claims and are referred to in the complaint), the interest of judicial efficiency is better served in this case by treating Defendants' motion as one for summary judgment. *Clark v. Fed. Nat. Mortg. Ass'n*, No. 3:12-CV-2446-M-BF, 2013 WL 1129817, at *3 (N.D. Tex. Feb. 21, 2013), *rec. adopted*, 2013 WL 1131208 (N.D. Tex. Mar. 19, 2013). Plaintiffs have filed a response to Defendants' motion and evidence in support thereof and thus have had "a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). Plaintiffs' objection that summary judgment is premature should be overruled.

"Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *Bassknight v. Deutsche Bank Nat. Trust Co.*, No. 3:12-CV-1412-M-BF, 2013 WL 1245563, at *1 (N.D. Tex. Mar. 4, 2013), *rec. adopted*, 2013 WL

1249580 (N.D. Tex. Mar. 26, 2013). It is frequently invoked when a party claims that it has had insufficient time for discovery. *See, e.g., Bramlett v. Med. Prot. Co. of Fort Wayne, Ind.*, No. 3:10-CV-2048-D, 2012 WL 3887059, at *3 (N.D. Tex. Sept. 7, 2012). To warrant a continuance for purposes of obtaining discovery, Plaintiffs must demonstrate why they need additional discovery and *how* the additional discovery will create a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996); *see also* FED. R. CIV. P. 56(d) (relief appropriate only if the "[summary judgment] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). In this case, Plaintiffs merely assert that discovery pertaining to the chain of transfers of the Deed of Trust and "other matters pertinent to the Motion ... will reveal numerous issues of material fact precluding summary judgment." Plf. MSJ Resp. at 24. These bald assertions are wholly insufficient to warrant a continuance under Rule 56(d). *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284-85 (5th Cir. 1985) (Rule 56(d) standard not met by mere allegation that discovery is incomplete or that discovery will produce needed but unspecified facts). Plaintiffs' motion for a Rule 56(d) continuance should therefore be denied.

### Defendants' Motion for Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their

respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122-23 (5th Cir. 1993).

The crux of all of Plaintiffs' claims is that Defendants lack standing to foreclose on the Property because they have failed to prove that any of them is the legal owner or holder of the Note.[2] However, Texas law does not necesarily impose any such requirement on the entity administering a foreclosure proceeding. As the Fifth Circuit recently explained:

> Texas differentiates between enforcement of a note and foreclosure – the latter enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision. Where a deed of trust confers such a power, a trustee may sell a debtor's property. Texas courts have refused to conflate foreclosure with enforcement of a promissory note. Where a debt is secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations. All that matters, therefore, is that the mortgage be properly assigned.

*Martins v. BAC Home Loans Serv., L.P.*, --- F.3d ----, 2013 WL 3213633, at *2 (5th Cir. Jun. 26, 2013) (affirming dismissal of claims based on theory that only the holder of the note has lawful power to initiate a non-judicial foreclosure). Texas law further provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure. *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1 n.1 (5th Cir. Mar. 28, 2011) (per curiam) (citing TEX.

---

[2] The Fifth Circuit recently clarified that Texas law permits homeowners to challenge the chain of assignment by which a party claims the right to foreclose on any ground which renders the assignment void. *Reinagel v. Deutsche Bank Nat. Trust Co.*, --- F.3d ----, No. 12-50569, 2013 WL 3480207, at *3 (5th Cir. July 11, 2013); *see also Martin v. Wells Fargo Bank, N.A.*, No. 3:12-CV-3695-L, 2013 WL 3809676, at *3 (N.D. Tex. Jul 23, 2013) (homeowners' standing to challenge the chain of assignments by which a party claims a right to foreclose is limited to claims that render an assignment void, not merely voidable at the election of the assignor). In this case, Plaintiffs argue the assignments to Countrywide and BNYM are void ab initio for various reasons. Accordingly, Defendants are not entitled to summary judgment on grounds that Plaintiffs lack standing to challenge the validity of any assignment of their mortgage.

PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007)). A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4)(A), (C). A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." *Id.* § 51.0001(3).

Here, the summary judgment evidence shows that, on or about January 10, 2003, Plaintiffs obtained a mortgage loan from Legacy evidenced by the Note and secured by the Deed of Trust covering their interest in the Property. Def. MSJ App., Exh. 1 & 2. The Deed of Trust expressly grants a power of sale to the Trustee, in trust for Legacy. *See id.*, Exh. 2 at 6. The same day, Legacy executed an Assignment of Deed of Trust transferring the Deed of Trust "and all rights accrued or to accrue under such Deed of Trust" to Countrywide. *See id.*, Exh. 3 at 22. On March 1, 2012, Countrywide executed a Corporate Assignment of Deed of Trust/Mortgage, which granted "all beneficial interest under [the] Deed Trust" to BNYM. *See id.*, Exh. 4 at 25. The Deed of Trust and both assignments were recorded in the real property records for Dallas County, Texas. *See id.*, Exh. 2 at 4; Exh. 3 at 22; Exh. 4 at 25. This evidence establishes that BNYM is the "last person to whom the security interest has been assigned of record" and is thus a statutory mortgagee entitled to foreclose on the Property. Further, it is undisputed that BOA is Plaintiffs' loan servicer. *See* Plf. First Am. Compl. at 3, ¶ 9 & 15, ¶ 43. Thus, BOA also has authority to foreclose on the Property. Defendants are entitled to summary judgment on all of Plaintiffs' claims that are based on the erroneous legal assumption that Defendants lacked authority to foreclose on the Property, including Plaintiffs' claims for declaratory judgment and quiet title. *See, e.g., Cruz v. OneWest Bank, FSB*, No. 3:11-CV-1985-M, 2012 WL 1684622, at *2 (N.D. Tex. May 15, 2012) (mortgage servicer entitled

to summary judgment on, *inter alia*, plaintiff's claims to quiet title where claims were based on flawed theory that servicer lacked authority to foreclose because the note and deed of trust were not properly indorsed, transferred, and assigned); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *3 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 556055 (N.D. Tex. Feb. 21, 2012) (dismissing claims for trespass to try title and to quiet title where sole basis for claims was that mortgage servicer was not the holder of the note and, therefore, lacked authority to foreclosure on property).

In an attempt to raise a material fact issue, Plaintiffs argue that the 2012 assignment from Countrywide to BNYM is void on grounds that it violated the terms of the Pooling and Servicing Agreement ("PSA") that governed the Trust and New York trust law which requires that transfers to a trust comply with the terms of the trust agreement. *See* Plf. MSJ Resp. at 13. More specifically, Plaintiffs contend that the 2012 assignment violated the PSA requirement that any mortgage transferred into the Trust must be completed within 90 days of the closing of the loan, which in this case would have been April 10, 2003. *See id.* Even if the 2012 assignment did violate the terms of the PSA, such a violation would not render the assignment void. *Reinagel*, 2013 WL 3480207, at *5 (assuming that assignments of mortgagors' note and deed of trust violated PSA governing trust in which mortgagors' loan was held, assignments were not rendered void as a result and instead merely entitled mortgagors, if they were third-party beneficiaries, to sue for breach of PSA); *Calderon v. Bank of Am., N.A.*, No. SA:12-CV-121-DAE, 2013 WL 1741951, at *11 (W.D. Tex. Apr. 23, 2013) (holding that plaintiffs lacked standing to challenge untimely transfer of mortgage loan in violation of PSA because transfer would merely be voidable at the election of the parties to

PSA, not void). Plaintiffs may not avoid summary judgment on grounds that the 2012 assignment violated the terms of the PSA.

Nor is there any merit to Plaintiffs' arguments that the 2003 securitization of the Note rendered the Deed of Trust unenforceable or was somehow fraudulent. *See* Plf. MSJ Resp. at 16-17. Plaintiffs' arguments implicate the "split-the-note" theory which has been uniformly rejected by the Fifth Circuit and other district courts within the circuit. *See, e.g., Wigginton v. Bank of N.Y. Mellon*, 488 F. App'x. 868, 870 (5th Cir. 2012) (per curiam); *Swim v. Bank of Am., N.A.*, No. 3:11-CV-1240-M, 2012 WL 170758, at *3 n.25 (N.D. Tex. Jan. 20, 2012) (citing cases). Any inconsistencies between the copies of the Note that were provided to Plaintiffs prior to foreclosure and after this litigation commenced also are inapposite and do not raise a genuine fact issue with respect to BNYM or BOA's authority to foreclose. *Crear*, 2011 WL 1129574, at *1 n.1 ("The Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without production of the original note."); *see also Casterline v. OneWest Bank, F.S.B.*, --- F. App'x. ----, 2013 WL 3199059, at *2 (5th Cir. Jun. 25, 2013), *opinion withdrawn and superceded on other grounds*, --- F. App'x. ---- (5th Cir. Jul. 3, 2013) (rejecting argument that purported inconsistencies between notes submitted in a foreclosure proceeding and in federal court preclude summary judgment on authority of transferee under deed of trust to conduct foreclosure).

## **RECOMMENDATION**

The District Court should DISMISS Defendant Alan Williams from this lawsuit as an improperly joined defendant, and DENY Plaintiffs' Motion to Remand (Doc. 9). Further, Defendants' Motion to Dismiss (Doc. 15) should be treated as a motion for summary judgment and

GRANTED. All of Plaintiffs' claims and causes of action against Defendants should be DISMISSED with prejudice.

SO RECOMMENDED, _July 31_, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).